FILED

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FEB 25 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JASBIR SINGH, | No. 11-70994 |
| Petitioner, | Agency No. A072-483-338 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 17, 2015**

Before:     O'SCANNLAIN, LEAVY, and FERNANDEZ, Circuit Judges.

Jasbir Singh, a native and citizen of India, petitions for review of the Board

of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration

judge's ("IJ") decision denying his application for asylum, withholding of removal,

and protection under the Convention Against Torture ("CAT").  We have

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, *Chebchoub v. INS*, 257 F.3d 1038, 1042 (9th Cir. 2001), and de novo claims of due process violations, *Simeonov v. Ashcroft*, 371 F.3d 532, 535 (9th Cir. 2004). We deny the petition for review.

Substantial evidence supports the agency's adverse credibility determination based on inconsistent evidence regarding Singh's identity, inconsistent testimony regarding Singh's political party membership and reasons for obtaining a passport, implausible testimony regarding Singh's lack of knowledge of elections, and based on the IJ's negative demeanor finding. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003) (stating that identity is a "key" element of an asylum claim); *Chebchoub*, 257 F.3d at 1043 (finding that inconsistent and implausible testimony went to the heart of the claim, and supported an adverse credibility finding); *Singh-Kaur v. INS*, 183 F.3d 1147, 1151 (9th Cir. 1999) (giving special deference to findings based on demeanor). The agency reasonably rejected Singh's explanations for the inconsistencies. *See Rivera v. Mukasey*, 508 F.3d 1271, 1275 (9th Cir. 2007). We reject Singh's contention that the BIA failed to address evidence on appeal. *See Najmabadi v. Holder*, 597 F.3d 983, 990 (9th Cir. 2010) (BIA need not "write an exegesis on every contention"). We reject Singh's contention that the agency's findings are based on speculation. The record does

not support Singh's due process contention that the IJ failed to act impartially. *See*

*Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring error to prevail on a

due process claim). Moreover, we reject Singh's due process contentions related to

the agency's reliance on passport evidence he submitted in support of his claim.

*See id.* In the absence of credible testimony, Singh's asylum and withholding of

removal claims fail. *See Farah*, 348 F.3d at 1156.

Finally, substantial evidence also supports the agency's denial of Singh's

CAT claim because it is based on the same testimony found not credible, and he

does not point to any other evidence that compels the finding that it is more likely

than not he would be tortured if returned to India. *See id.* at 1156-57. We reject

Singh's contentions that the agency's analysis of his CAT claim was deficient. *See*

*Najmabadi*, 597 F.3d at 990. Thus, Singh's CAT claim fails.

**PETITION FOR REVIEW DENIED.**